## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## DETROIT DIVISION

| | |
|---|---|
| SUSAN A. MILLS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:17-cv-14221 |
| SYNCHRONY FINANCIAL d/b/a JCPENNEY CREDIT SERVICES, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes SUSAN A. MILLS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SYNCHRONY FINANCIAL d/b/a JCPENNEY CREDIT SERVICES ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Michigan Collection Practices Act ("MCPA") under M.C.L. § 445.251 *et seq.* for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

<u>**PARTIES**</u>

4.  Plaintiff is a 63 year-old natural "person," as defined by 47 U.S.C. §153(39), residing at 25840 Hanover Drive, Brownstown Charter Township, Michigan, which lies within the Eastern District of Michigan.

5.  Defendant is a financial services company organized under the laws of the United States and maintains its headquarters at 777 Long Ridge Road, Stamford, Connecticut.  Defendant regularly conducts business with consumers in Michigan, including Plaintiff.

6.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

<u>**FACTS SUPPORTING CAUSES OF ACTION**</u>

8.  In approximately 2015, Plaintiff began receiving calls from Defendant to her cellular phone, (734) XXX-6166.

9.  At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6166.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

10. Defendant mainly used the phone number (800) 527-3369 when placing calls to Plaintiff's cellular phone, but upon belief, it used other numbers as well.

11. Upon information and belief, the above referenced phone number ending in 3369 is regularly utilized by Defendant during its debt collection activities.

12. When Plaintiff answered calls from Defendant, she experienced a noticeable pause, lasting several seconds in length, before being connected with a live representative.

13. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon an outstanding credit card debt ("subject debt") said to be owed by Plaintiff.

14. Plaintiff was unsure as to whether she actually owed the subject debt, so she demanded that Defendant cease calling her cellular phone.

15. Plaintiff reiterated these demands to Defendant on several occasions.

16. Despite Plaintiff's numerous demands, Defendant continued to call her cellular phone up until late 2015/early 2016.

17. Plaintiff has received not less than 31 phone calls from Defendant since she demanded that it stop calling.

18. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

19. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $60.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

20. Defendant's phone calls have caused Plaintiff a great deal of stress and have been very harassing to her.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies incessant collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the

3

never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22.   Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24.   Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The noticeable pause, lasting several seconds in length, which Plaintiff experienced on answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

25. Defendant violated the TCPA by placing at least 31 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to Defendant by allegedly incurring the subject debt was specifically revoked by her numerous demands that Defendant cease contacting her.

26.   The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, SUSAN A. MILLS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees;

d.  Enjoining Defendant from further contacting Plaintiff; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

28.  Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29.  Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

30.  Defendant is a "regulated person" as defined by M.C.L. § 445.251(1)(g) as it is a "person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

31.  The subject debt is a "claim" or "debt" as defined by M.C.L. § 445.251(1)(a).

### a.  Violations of M.C.L. § 445.252(f)(ii)

32.  The MCPA, pursuant to M.C.L. § 445.252(f)(ii), prohibits a regulated person from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

33.  Defendant violated M.C.L. § 445.252(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented

that it had the legal ability to contact Plaintiff using an automated system after Plaintiff demanded that Defendant stop calling. As such, Defendant misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone at least 31 times absent the lawful ability to do so.

### b.   Violations of M.C.L. § 445.252(n)

34. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

35. Defendant violated the MCPA when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 31 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

36. Defendant was notified by Plaintiff that its calls were not welcomed and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to her.

### c.   Violations of M.C.L. § 445.252(q)

37. The MCPA, pursuant to M.C.L. § 445.252(q), subjects regulated persons to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

38. Defendant violated the MCPA by failing to adequately have procedures in place designed to prevent a violation by its employee. Plaintiff informed Defendant that its calls were inconvenient and harassing and demanded that they stop. Nevertheless, the calls continued at an incessant rate.

Such conduct demonstrates the lack of any procedures in place by Defendant wherein its employees would cease calling after becoming aware that its calls were pervasively unwelcome and inconvenient. As such, Defendant has failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

39. Defendant's violations of the MCPA were willful. Defendant was notified by Plaintiff that she did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly notwithstanding her demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MCPA.

WHEREFORE, Plaintiff, SUSAN A. MILLS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1).

c. Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2).

d. Awarding statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 29, 2017                              Respectfully submitted,


s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com


s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com